IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN INTER-FIDELITY EXCHANGE, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | 17 C 7934 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| IURII RYPNINSKYI, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOSEPH HOPE and CINDY JOHNSON, as Trustee of the Bankruptcy Estate of Joseph and Cassidi Hope, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this diversity suit against Iurii Rypninskyi, Joseph Hope, and Hope's bankruptcy trustee, American Inter-Fidelity Exchange ("AIFE") seeks a declaration that it owes no duty to defend or indemnify Rypninskyi in a civil lawsuit brought against him by Hope. Doc. 21. Hope and the trustee move under Civil Rule 12(b)(6) to dismiss AIFE's suit. Docs. 27, 30. Their motions are denied.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in AIFE's brief opposing dismissal, so long as those additional facts "are consistent with

1

the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013). The facts are set forth as favorably to AIFE as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts at the pleading stage, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

On May 31, 2014, Rypninskyi and Hope got into a car accident while Rypninskyi was driving a truck owned by Leasing Truck Solutions, Inc. Doc. 21 at ¶¶ 24-25. Hope filed a negligence lawsuit against Rypninskyi and Leasing Truck in Illinois state court. *Id.* at ¶¶ 27-29. AIFE, which is Leasing Truck's insurer, agreed to represent Rypninskyi. *Id.* at ¶¶ 18-21. AIFE's insurance policy provides that the insured has the duty to "[c]ooperat[e] with [AIFE] in the investigation or settlement of the claim or defense against the suit." *Id.* at ¶ 23 (internal quotation marks omitted).

In June 2016, the attorney hired by AIFE to defend Rypninskyi had difficulty getting in touch with Rypninskyi to prepare responses to Hope's written discovery requests. *Id.* at ¶ 31. From September 13, 2016 through April 4, 2017, defense counsel could not contact Rypninskyi to schedule his deposition and was forced to hire a private investigator to locate him. *Id.* at ¶¶ 32-35. When the deposition finally took place, Rypninskyi testified that he lived in Parma, Ohio. *Id.* at ¶ 36.

As trial approached, defense counsel again was unable to reach Rypninskyi and again hired a private investigator to locate him. *Id.* at ¶¶ 38-39. On September 18, 2017, defense counsel sent Rypninskyi a letter (in both English and Russian, which is Rypninskyi's native language) at his Ohio residence. *Id.* at ¶ 40. The letter stated:

> We have … been trying to reach you to secure your confirmation that you will attend the trial of this matter … . It is absolutely imperative that you [*sic*] at

> the trial. If you fail to do so, the plaintiff can have you 'defaulted' and
> judgment entered against you. In addition, you are jeopardizing any coverage
> that the insurance company for Leasing Truck Solutions, Inc. may provide
> you, and should that occur, you may be held personally responsible for
> payment of any judgment entered against you.

*Ibid*. The investigator confirmed that Rypninskyi's wife had received both the English and Russian versions of the letter. *Id*. at ¶ 42. A week later, defense counsel sent the same letter to a Chicago address associated with Rypninskyi. *Id*. at ¶ 45. The investigator directly delivered the letter to an individual who identified himself as Rypninskyi's roommate and confirmed that Rypninskyi lived there. *Id*. at ¶ 46.

On September 30, 2017, the day after the trial began, defense counsel sent another letter to Rypninskyi. *Id*. at ¶¶ 47, 50. It stated:

> YOU MUST APPEAR AT COURT ON MONDAY OCTOBER 2, 2017. **YOUR FAILURE TO DO SO MAY RESULT IN PLAINTIFF ENTERING A DEFAULT JUDGMENT AGAINST YOU, AND MAY HAVE THE EFFECT OF JEOPARDIZING ANY INSURANCE COVERAGE THAT YOU MAY HAVE AVAILABLE TO YOU, YOU WOULD THEN BE PERSONALLY RESONSIBLE TO PAY ANY JUDGMENT ENTERED AGAINST YOU.**

*Id*. at ¶ 47. The investigator left the letter on the door of Rypninskyi's Chicago residence after nobody answered. *Id*. at ¶ 48. When the investigator returned the next day, the letter was gone, and again nobody answered the door. *Id*. at ¶ 49.

The court sanctioned Rypninskyi due to his failure to appear for his testimony. *Id*. at ¶ 51. The court gave the jury a negative inference instruction stating that, had Rypninskyi testified, his testimony would have been adverse to his interests; barred the defense from reading Rypninskyi's deposition testimony into evidence; barred the defense from presenting any affirmative defenses; and barred the defense from cross-examining or calling the responding

police officer regarding what Hope told the officer at the accident scene. *Ibid*. The sanctions prevented defense counsel from presenting a planned comparative fault defense. *Id*. at ¶ 52.

On October 4, 2017, defense counsel sent a letter to Rypninskyi's Ohio and Chicago addresses stating that his "unexpected and unexplained failure to appear at trial has had a profoundly adverse impact on AIFE's ability to defend [Hope's negligence lawsuit] and has greatly prejudiced the chances for success at trial." *Id*. at ¶ 54. The letter further stated that AIFE maintained a "full reservation of all rights, remedies and defenses under the Policy, including, but not limited to, the right to withdraw from its defense of the [lawsuit] and disclaim coverage for any indemnity sought under the [AIFE] Policy in connection with the [lawsuit]." *Id*. at ¶ 55.

Ultimately, the court entered a default judgment against Rypninskyi as to liability, and the jury returned a $400,000 verdict in Hope's favor. *Id*. at ¶¶ 53, 57. Less than a month later, AIFE brought this declaratory judgment suit. Doc. 1. AIFE alleges that Rypninskyi, by failing to appear for trial in Hope's lawsuit, breached the insurance policy's "cooperation clause," and it seeks a declaration that Rypninskyi's breach relieves it of its contractual duty to provide any further defense or indemnification in that lawsuit.

**Discussion**

Hope and the bankruptcy trustee contend that AIFE's declaratory judgment suit is "untimely as a matter of law" because it was filed after judgment was entered in Hope's lawsuit. Doc. 27 at ¶ 11; Doc. 30 at ¶ 14. For support, Hope and the trustee rely on *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 708 N.E.2d 1122 (Ill. 1999), which they read as holding that an insurer that files a declaratory judgment action after a final judgment in the underlying case is estopped from asserting defenses to coverage. Doc. 27 at ¶¶ 14-16; Doc. 30 at ¶¶ 17-19.

Hope and the trustee read *Ehlco* far too broadly. *Ehlco* holds that "an insurer which takes the position that a complaint potentially alleging coverage is not covered under a policy that includes a duty to defend may not simply refuse to defend the insured." 708 N.E.2d at 1134. Rather, *Ehlco* explains, the insurer must either: "(1) defend the suit under a reservation of rights or (2) seek a declaratory judgment that there is no coverage. If the insurer fails to take either of these steps and is later found to have wrongfully denied coverage, the insurer is estopped from raising policy defenses to coverage." *Id*. at 1134-35. AIFE is in the clear because it chose the first option and defended Rypninskyi under a reservation of rights. Indeed, *Ehlco* explicitly holds that its "estoppel doctrine applies only where an insurer has breached its duty to defend"— which AIFE did not do. *Id*. at 1135; *see also Great W. Cas. Co. v. Cote*, 847 N.E.2d 858, 862 (Ill. App. 2006) ("The [*Ehlco*] [c]ourt specifically stated that its holding was based on an estoppel theory and was applicable only to an insurer that had breached its duty to defend."). *Ehlco* therefore is no obstacle to AIFE's declaratory judgment suit.

Hope and the trustee next contend that AIFE's suit should be dismissed because AIFE "fail[ed] to plead" that it unequivocally reserved its rights under the policy before trial. Doc. 27 at ¶¶ 21-28; Doc. 30 at ¶¶ 24-39. The Supreme Court of Illinois has held that a reservation of rights "must specifically refer to the policy defense that may be asserted and to the potential conflict of interest [between the insurer and the insured]." *Standard Mut. Ins. Co. v. Lay*, 989 N.E.2d 591, 596 (Ill. 2013). "[W]here an insurer assumes an insured's defense without a reservation of rights, the insurer will … be equitably estopped from denying coverage [if] prejudice exists … . [P]rejudice will be found if the insurer's assumption of the defense induces the insured to surrender her right to control her own defense." *Ibid*.

5

This estoppel argument cannot be resolved at the pleadings stage. AIFE had no obligation to plead a valid reservation of rights in its complaint, as "a plaintiff ordinarily need not anticipate and attempt to plead around affirmative defenses" such as estoppel. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). "An exception applies when the allegations of the complaint set forth everything necessary to satisfy the affirmative defense," *ibid.* (internal quotation marks omitted), but this is not such a case. Even granting Hope and the trustee's argument that the pretrial statements identified in AIFE's complaint do not qualify as reservations of rights, AIFE might have made a valid reservation early on in its representation of Rypninskyi but chose not to reference it in the complaint. And even if AIFE never reserved its rights under the policy, the complaint does not establish that Rypninskyi was prejudiced by that failure, nor do Hope and the trustee even address that element of their estoppel affirmative defense. *See Lay*, 989 N.E.2d at 596.

Finally, the trustee briefly argues that AIFE is estopped from asserting Rypninskyi's non-cooperation as a justification for not defending or indemnifying him because AIFE failed to reserve its rights in a timely manner after learning of his non-cooperation. Doc. 30 at ¶ 35. But construing the facts in AIFE's favor, as is required on a Rule 12(b)(6) motion, AIFE did not learn definitively that Rypninskyi would not cooperate until he failed to show up for trial on October 2, after the trial had commenced. AIFE sent a reservation of rights letter (the sufficiency of which Hope and Johnson do not presently challenge, Doc. 27 at 5 n.2; Doc. 30 at 6 n.2) to Rypninskyi just two days later, on October 4. AIFE then filed this declaratory action on November 2, which plausibly qualifies as a timely assertion of its non-cooperation defense. *See Apex Mut. Ins. Co. v. Christner*, 240 N.E.2d 742, 748 (Ill. App. 1968) (holding that a declaratory

6

judgment action filed more than two months after the plaintiff learned of the defendant's non-cooperation constituted timely notice).

**Conclusion**

The motions to dismiss are denied.

June 29, 2018

_____
United States District Judge