UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN INTER-FIDELITY EXCHANGE, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | 17 C 7934 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| JOSEPH HOPE and CINDY JOHNSON, as Trustee of the Bankruptcy Estate of Joseph and Cassidi Hope, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| IURII RYPNINSKYI, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff/Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CASSIDAY SCHADE, LLP, JOSEPH PANATERA, ALEX CAMPOS, JAMES KOPRIVA, and KEITH AUBIN, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this diversity suit against Iurii Rypninskyi, Joseph Hope, and Hope's bankruptcy trustee, American Inter-Fidelity Exchange ("AIFE") seeks a declaration that it owes no duty to defend or indemnify Rypninskyi in a lawsuit that Hope brought against him in state court. Doc. 21. Rypninskyi in turn brought a third-party complaint against his state court counsel—Cassiday Schade, LLP and several of its attorneys, who for ease of reference will be referred to collectively as "Cassiday Schade"—alleging that their legal malpractice caused him to lose the state court case. Doc. 51. Cassiday Schade moves for summary judgment on the third-party claim. Doc. 89. The motion is denied.

1

**Background**

The court recites the facts as favorably to Rypninskyi as the record and Local Rule 56.1 permit. *See Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). At this juncture, the court must assume the truth of those facts, but does not vouch for them. *See Gates v. Bd. of Educ. of Chi.*, 916 F.3d 631, 633 (7th Cir. 2019).

On May 31, 2014, Rypninskyi and Hope got into a vehicular accident. Doc. 109 at ¶¶ 13-14; Doc. 51 at ¶ 9. Hope filed a negligence suit against Rypninskyi in Illinois state court. Doc. 109 at ¶¶ 13-14. As the insurer of the owner of the truck that Rypninskyi was driving, AIFE agreed to defend Rypninskyi and retained Cassiday Schade to do so. *Id*. at ¶¶ 39-40; Doc. 75 at ¶ 12. A cooperation clause in the AIFE policy provided that the insured had the duty to "[c]ooperat[e] with [AIFE] in the investigation or settlement of the claim or defense against the suit." Doc. 21-1 at 9.

From June 2016 through the Fall 2017 trial, Cassiday Schade had trouble getting in touch with Rypninskyi to coordinate discovery and ensure his presence at trial. Doc. 89-2 at ¶¶ 77-98. Rypninskyi did not appear at trial. Doc. 75 at pp. 7-8, ¶ 2. For purposes of this motion, the court assumes that Cassiday Schade was negligent or otherwise at fault in connection with Rypninskyi's non-appearance. Doc. 103 at 1.

The state judge sanctioned Rypninskyi for not appearing to testify, ordering *in limine* that he could not introduce the report prepared by the trooper who responded to the accident or Hope's statements to the trooper. Doc. 89-2 at ¶¶ 21-25. Based at least in part on her view that Rypninskyi (through Cassiday Schade) violated that order, the court entered a default judgment against him as to liability. Doc. 109-1 at ¶¶ 24-26; Doc. 89-1 at 168-169 (46:21-49:6). The jury, left with the task of ascertaining damages, returned a $400,000 verdict for Hope. Doc. 109 at

¶ 38. Cassiday Schade did not file an appeal on Rypninskyi's behalf, and had Rypninskyi known about the judgment, he would have asked Cassiday Schade to appeal it. Doc. 109-1 at ¶ 27.

AIFE alleges in this suit that Rypninskyi, by failing to appear for trial, breached the policy's cooperation clause, thus relieving it of its obligation to defend and indemnify him. Doc. 21. Rypninskyi's third-party claim against Cassiday Schade alleges that its legal malpractice caused both his failure to appear and the judgment entered against him. Doc. 51.

## Discussion

"Under Illinois law, in order to prevail on a claim of attorney malpractice, a plaintiff must succeed in proving four elements: (1) an attorney-client relationship giving rise to a duty on the attorney's part; (2) a negligent act or omission by the attorney amounting to a breach of that duty; (3) proximate cause establishing that but for the attorney's negligence, the plaintiff would have prevailed in the underlying action; and (4) actual damages." *Mihailovich v. Laatsch*, 359 F.3d 892, 904 (7th Cir. 2004). Invoking the doctrine of judicial error, Cassiday Schade argues that Rypninskyi cannot prove the proximate cause element of his malpractice claim because the state judge erred in defaulting him as to liability and that error is an intervening cause that severed the causal connection between its alleged malpractice and Rypninskyi's injury. *See Huang v. Brenson*, 7 N.E.3d 729, 737 (Ill. App. 2014) (holding that an attorney sued for legal malpractice is entitled to judgment where "the trial court's error act[s] as an intervening cause" that relieves an attorney from liability for "alleged negligence"). Cassiday Schade's argument fails because where an allegedly negligent attorney elects not to appeal a judgment that the attorney contends resulted from a judicial error, the attorney may not invoke the judicial error doctrine as a defense to the client's malpractice claim.

It is true, as Cassiday Schade observes, that "[n]o law in Illinois requires the underlying action to be appealed before the doctrine of judicial error is applied." Doc. 94 at 5. And the court will assume that the doctrine applies where the failure to appeal an assertedly erroneous judgment is not the attorney's doing, for in that circumstance the attorney bears no responsibility for not taking a key step that could have led to the judgment's reversal and in turn to the client suffering no harm due to the attorney's alleged negligence. *See Cedeno v. Gumbiner*, 806 N.E.2d 1188, 1191 (Ill. App. 2004) (ruling that the legal malpractice defendants, whose alleged negligence precipitated an erroneous trial court ruling, "could not have proximately caused [their client's] damages since her case remained actionable at the time of their discharge as [her] attorneys"). But where, as here, the attorney is responsible for not appealing the judgment that, according to the attorney, was so erroneous that it broke the causal chain between the attorney's alleged malpractice and the client's injury, the attorney may not invoke the judicial error doctrine to defeat the proximate cause element of the client's subsequent malpractice claim. *See Skinner v. Stone, Raskin & Israel*, 724 F.2d 264, 265-66 (2d Cir. 1983) (holding that the state judge's error in entering a default judgment did not defeat a malpractice claim against the attorneys who "contributed to the fiasco by failing to take steps to head off the entry of judgment," reasoning that their negligence remained "a proximate contributing cause" of the default); *see also Huang*, 7 N.E.3d at 737 (citing *Skinner* with approval).

Cassiday Schade contends that "where the question of proximate cause in a legal malpractice action turns upon the outcome of an appeal that was never filed, the trial court [in the malpractice action] must determine as a matter of law what the appellate court [in the underlying suit] would have ruled if an appeal was filed." Doc. 94 at 5-6. That principle holds true in suits alleging appellate malpractice, *see Governmental Interinsurance Exch. v. Judge*, 850 N.E.2d 183

4

(Ill. 2006), but not where, as here, the plaintiff alleges legal malpractice in the trial court, *see Huang*, 7 N.E.3d at 738 (holding that *Judge*, as an appellate malpractice case, is inapposite where the alleged legal malpractice occurred in the trial court). The premise of Cassiday Schade's invocation of the judicial error doctrine is that the state judge committed an error in defaulting Rypninskyi as to liability; if that premise is right, then the judge's ruling would have been reversed on appeal. Because Cassiday Schade's invocation of the doctrine necessarily conveys its view that the judgment against Rypninskyi would have been reversed had there been an appeal, there is no need, at least at this stage of the case, for the court to determine that a reversal in fact would have ensued. Indeed, because Cassiday Schade was responsible for failing to appeal, its contention that this court must decide that the judgment would have been reversed on appeal—if only an appeal had been filed—boils down to the nonsensical proposition that it cannot be held liable for trial malpractice in state court because it decided not to appeal.

## Conclusion

Cassiday Schade's summary judgment motion is denied.

September 4, 2019

_____
United States District Judge